# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERROLLYN RAYE HUNT, | Case No. 1:26-cv-00759-KES-EPG-HC |
| Petitioner, | ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE |
| v. | (ECF No. 2) |
| WARDEN, | |
| Respondent. | |

Petitioner Jerrollyn Raye Hunt is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the undersigned grants Petitioner's motion for a stay.

**I.**

**BACKGROUND**

On January 23, 2026, Petitioner filed a petition for writ of habeas corpus, which challenges her 2022 Kern County Superior Court second-degree murder conviction. Therein, Petitioner asserts: (1) the conviction was based on false and unreliable testimony that has since been recanted, in violation of due process; (2) the prosecutor materially misstated the law on provocation and heat of passion; (3) ineffective assistance of counsel for failing to request an admonition and curative instruction regarding provocation and heat of passion; and (4)

1

insufficient evidence of malice; and (5) cumulative error. (ECF No. 1 at 4–5, 7–9.[1]) The petition indicates that the claim regarding false and unreliable witness testimony is currently pending in state court. (ECF No. 1 at 5.) Along with the petition, Petitioner filed a motion for stay the instant proceeding pursuant to Rhines v. Weber, 544 U.S. 269 (2005). (ECF No. 2.)

**II.**

**DISCUSSION**

Under Rhines, "stay and abeyance [is] available only in limited circumstances," and only when: (1) there is "good cause" for the failure to exhaust; (2) the "unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 277–78.

**A. Good Cause**

"There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust" under Rhines. Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014). "The Supreme Court has addressed the issue only once, when it noted that a 'petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.'" Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)).[2] The Ninth Circuit has "held that good cause under Rhines does not require a showing of 'extraordinary circumstances,' but that a petitioner must do more than simply assert that he was 'under the impression' that his claim was exhausted." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017) (quoting Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005); and Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008)). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake, 745 F.3d at 982. The Ninth Circuit has held that a "statement that 'there was no counsel' in [a petitioner's] state post-conviction case is sufficient to establish good cause" for a

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

[2] In Pace, the Supreme Court noted that a solution to the "predicament" of "a 'petitioner trying in good faith to exhaust state remedies . . . litigat[ing] in state court for years only to find out at the end that he was never "properly filed,"' and thus that his federal habeas petition is time barred" is "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." 544 U.S. at 416 (citations omitted).

2

Rhines stay. Dixon, 847 F.3d at 721.

Here, Petitioner argues that she "has good cause for not previously exhausting the unexhausted claims because the claims are based on newly discovered evidence that was not available at the time of trial, appeal, or prior post-conviction proceedings," and that "[a]s a pro se, incarcerated litigant, Petitioner acted promptly upon learning of [a key prosecution witness]'s recantation." (ECF No. 2 at 2.) The Court finds that Petitioner has satisfied Rhines's good cause requirement. See Dixon, 847 F.3d at 721, 722 ("A petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel" and thus, "the first element of the *Rhines* test can easily be established to the extent that [Petitioner was] without counsel.").

**B. Potentially Meritorious Unexhausted Claim**

"A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines." Dixon, 847 F.3d at 722. "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" Dixon, 847 F.3d at 722 (quoting Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005)).

It is not perfectly clear Petitioner has no hope of prevailing on her unexhausted claim regarding the false and unreliable testimony that has since been recanted,[3] and it appears on its face to not be "plainly meritless." See Napue v. Illinois, 360 U.S. 264, 269 (1959) ("[I]t is established that a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment," and the "same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it

---

[3] The motion to stay indicates that the ineffective assistance of counsel ("IAC") claim is unexhausted "to the extent counsel was unable to challenge testimony that has now been recanted." (ECF No. 2 at 3.) However, the petition does not raise such an IAC claim. Rather, the petition only asserts IAC for failing to request an admonition and curative instruction regarding provocation and heat of passion. (ECF No. 1 at 5, 8.)

appears."); United States v. Agurs, 427 U.S. 97, 103 (1976) ("[T]he Court has consistently held that a conviction obtained by the knowing use of perjured testimony is fundamentally unfair[.]").

**C. Conclusion**

Here, Petitioner has established good cause for her failure to exhaust, and her unexhausted claim appears on its face to not be "plainly meritless." Finally, there is no indication in the record before the Court that Petitioner engaged in "intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. Accordingly, the Court finds that a stay is warranted.

"Pursuant to section 636, magistrate judges may hear and determine nondispositive matters, but not dispositive matters, in § 2254 proceedings." Mitchell v. Valenzuela, 791 F.3d 1166, 1168 (9th Cir. 2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "[A] motion to stay and abey section 2254 proceedings is generally (but not always) dispositive of the unexhausted claims." Mitchell, 791 F.3d at 1171. "To determine whether a motion is dispositive, we have adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." Id. at 1168–69 (internal quotation marks omitted) (quoting Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)). "[A] motion to stay is nondispositive where it '[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought.'" Mitchell, 791 F.3d at 1170 (second and third alterations in original) (quoting S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013)). Cf. Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015) (analogizing a motion to stay to a motion to amend and noting that while "[i]t should be no surprise that the magistrate judge's decision to *grant* a motion to amend is not generally dispositive; whether the *denial* of a motion to amend is dispositive is a different question entirely," and observing that "the dispositive nature of a magistrate judge's decision on a motion to amend can turn on the outcome").

Given that granting a stay in the instant proceeding "[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought," Mitchell, 791 F.3d at 1170 (internal quotation marks and citation omitted), the undersigned has authority to grant Petitioner's motion for a stay.

## III.

## ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. Petitioner's motion for a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005) (ECF No. 2) is GRANTED;

2. The proceedings are STAYED pending exhaustion of state remedies;

3. Petitioner is DIRECTED to file a status report ninety (90) days from the date of this order and every ninety (90) days thereafter; and

4. Within thirty (30) days following the final order of the state courts, Petitioner shall notify the Court that the unexhausted claims have been exhausted and request that the stay be lifted and the case proceed.

Petitioner is forewarned that failure to comply with this order will result in the Court vacating the stay.

IT IS SO ORDERED.

Dated:   **February 23, 2026**         /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE

5